Kenneth W. Welsh, Jr., SBN 020953
Lisa I. Streu, SBN 026679
**WELSH LAW GROUP, PLC**
11811 North Tatum Boulevard, Suite 2350
Phoenix, AZ 85028
Telephone: (602) 569-0698
Facsimile:  (602) 595-0682
E-mail: minuteentries@welshlawgroup.com
kwelsh@welshlawgroup.com  lstreu@welshlawgroup.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Thunderbird Downtown, LLC**, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**City of Phoenix**, a municipal entity; **James Mayes**, an individual; **Joshua States**, an individual; **Robert Gawry**, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>***JURY TRIAL DEMANDED*** |

For its Complaint against Defendants, Plaintiff Thunderbird Downtown, LLC ("Plaintiff"), by and through its undersigned attorneys, alleges as follows:

**PARTIES**

1. Plaintiff is an Arizona limited liability company, duly formed and in good standing under the laws of the State of Arizona.

2. Defendant City of Phoenix is a municipal entity organized under the laws of the State of Arizona.

3. Defendant James Mayes is an Inspector for the City of Phoenix Planning and Development Department.

4. Defendant Joshua States is a Field Supervisor for the City of Phoenix Planning and Development Department.

5. Defendant Robert Gawry is an Inspector for the City of Phoenix Planning and Development Department, non-permitted construction division.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to the Fourteenth Amendment to the United States Constitution and jurisdiction is conferred by 28 U.S.C. § 1331.

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law in that a substantial, disputed question of federal law exists and is a necessary element of Plaintiff's claims specifically, but not limited to, those claims arising under 42 U.S.C. § 1983, as well as the Equal Protection and Due Process Clause of the United States Constitution.

8. Venue in the United State District Court, District of Arizona is proper pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims and causes of action occurred in this judicial district.

## GENERAL ALLEGATIONS

### Background of Property

9. Plaintiff is the owner of real property located at 834 N. 2nd Avenue, Phoenix, Arizona 85003 (hereinafter "Property").

10. Plaintiff acquired the Property via general warranty deed in 2010.

11. The Property was originally constructed in 1940.

12. The Property consists of 17 studio, one bedroom, or two bedroom apartments.

13. Since Plaintiff has taken ownership of the Property, no major additions or apartment units were added to the Property.

14. Since Plaintiff has taken ownership of the Property, Plaintiff has not added any livable square footage or built any buildings on the Property other than a 36 square foot storage area. This storage area does not have electricity or plumbing.

### City of Phoenix Investigation

15. On January 8, 2018, City of Phoenix Investigation Number CINV1800006 was opened by the City of Phoenix Planning and Development Department based upon an unknown complaint about a sleeping room being built out of block in unit 6 at the Property.

16. On May 21, 2018, Defendant Mayes, under the guise of this unspecified complaint, entered the Plaintiff's property to conduct an unannounced and unauthorized inspection.

17. On September 4, 2018, Plaintiff received its first Notice of Code Violation/Stop Work Order from the City of Phoenix. The description of the Violation states that "Units 6 and 8, single story apartments were constructed between 2015 and 2016."

18. Units 6 and 8 existed when Plaintiff purchased the Property. These units have been occupied consistently since the purchase of the Property and Plaintiff has leases for units 6 and 8 from as far back as 2010.

19. Units 6 and 8 were occupied at the time Defendant Mayes claims they were being built.

20. Plaintiff has provided Maricopa County Assessor's Office 3-D Aerial photos of the Property to Defendants verifying that Plaintiff could not have built the units.

21. Defendant Mayes also created inspector's notes on September 4, 2018. These notes were allegedly based upon the site visit to the Property on May 21, 2018.

**WELSH LAW GROUP, PLC**

22. The notes indicate that a Stop Work Order was posted on units 2, 4, 8 and 20.

23. There is no unit 20 on Plaintiff's Property.

24. No explanation was given as to why a Stop Work Order would be issued in 2018 for work that was allegedly completed between 2015 and 2016. Further, no explanation was given as to what evidence upon which the City was relying to claim that construction of two (2) new units occurred in 2015 to 2016.

25. The inspector's notes also claim that there were "unsupported exterior gas lines" which were allegedly creating an unsafe condition. As with the claims relating to construction occurring in 2015 to 2016, these claims are not supported by any evidence.

26. The inspector's notes also indicated that Defendant Mayes spoke with Property Manager "Lissetta" and owner representative David Byerly. These individuals have never resided at the Property and have never been employed by Plaintiff in any capacity. In fact, Plaintiff has no knowledge of these people's existence.

27. During the course of this investigation and subsequent written Notice of Violation, Defendant Mayes has made several, provable misstatements of fact.

28. These actions were done with knowledge of their falsity and under the supervision of and consultation with Defendant States.

29. On September 11, 2018, the Notice of Violation was recorded with the Maricopa County Recorder's Office, even though the Defendant's own Notice of Violation allows Plaintiff 30 days to remedy any alleged violation.

30. The Notice of Violation also expressly grants an owner of property an appeal to a supervisor followed by an appeal to the Building Official.

31. Promptly following the recording of the Notice of Violation, Plaintiff attempted to contact Defendant States, as Defendant Mayes' supervisor, to obtain all information used by Defendants to support the alleged violations. These contacts included

telephone calls, emails, correspondence and additional communications through Plaintiff's attorney. In addition, multiple public records requests were made to the City pursuant to A.R.S. §39-121.

32. While the parties attempted to exchange information responsive to Plaintiff's requests, Defendant States assured the Plaintiff that "the City will not pursue further court actions" against Plaintiff.

33. Despite all of the requests, Plaintiff has not received any substantive evidence to support the alleged violations.

34. On February 1, 2019, Plaintiff was served with four (4) separate citations with a total of 12 violations. These citations were filed in the Phoenix Municipal Court. This action by the Defendant not only violated the agreement with the Plaintiff made by Defendant States, but also terminated the Plaintiff's right to appeal as stated by the Notice of Violation dated September 11, 2018.

35. These 12 violations are exceedingly vague and duplicative.

36. These 12 violations violate Phoenix City Code PBCC 114.2, which states "the notice of violation shall identify the address or legal description of the property in questions and shall state the nature and extent of the violation in such detail as to allow the correction or abatement of the violation."

37. For the third time, Defendants falsely states that another unit was built (unit 7) or that all phases of remodeling was performed by the Plaintiff at the Property. As with units 2, 4, 6 and 8, unit 7 has been occupied and in existence since the Property was purchased by Plaintiff.

38. Defendants have been provided historical, aerial photographic evidence to prove that Plaintiff did not construct any units.

39. At the time of filing the citations with the Phoenix Municipal Court, Plaintiff was informed that no further information or evidence would be provided pursuant to Rule

2.10(A), Local Rules of Practice and Procedure of the City Court. Plaintiff was also informed that all pending public records requests would not be honored and any future public records requests would be rejected during the pendency of the Phoenix Municipal Court action.

40. On July 23, 2019, Defendants executed an Administrative Search Warrant of Plaintiff's Property. Despite multiple requests, the physical warrant, the basis for the warrant and the affidavit supporting the issuance of the warrant have not been produced to the Plaintiff.

41. On August 14, 2019, the four (4) citations filed in the Phoenix Municipal Court were dismissed at the request of Defendant City of Phoenix.

42. Despite demand, the recorded Notice of Violation has not been removed from the Maricopa County Recorder's Office even though the citation concerning this violation has been dismissed.

43. On September 12, 2019, Defendant City of Phoenix issued a new Stop Work Order, now with 38 violations alleged against Plaintiff.

44. Some of these new, alleged violations are for safety issues that they claim require immediate remedy, such as the unsupported gas lines, which the City of Phoenix and Defendant Mayes alleged existed all the way back in May of 2018. In addition, this violation is in contradiction to the Building Code they cited (PBCC 116.4.1) which does not list unsupported gas pipes as an imminent unsafe condition. Compounding the Defendants error is that they are using 2018 Phoenix Building Construction Code for these new violations which does not apply to the property in question since it was built in 1940.

//
//
//
//

**WELSH LAW GROUP, PLC**

## FIRST CAUSE OF ACTION

## (Injunctive Relief- Temporary Restraining Order,

## Temporary and Permanent Injunction)

45. Plaintiff incorporates the allegations contained in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Plaintiff is entitled to a Temporary Restraining Order as well as a Preliminary and Permanent Injunction. Defendants are acting and threatening to act under color of state and local law in support of their baseless and unconstitutional Notices of Violation against Plaintiff.

47. Defendants have refused to respond to public records requests under the guise of City of Phoenix Municipal Court Rule 2.10(A).

48. Defendants have denied Plaintiff its due process rights of appeal of the Notices of Violation.

49. Defendants have altered City of Phoenix records, fabricated witness information and identity, ignored exculpatory evidence provided, alleged unsupported and unprovable claims of violations and fabricated alleged safety issues in an attempt to further their allegations of wrongdoing against Plaintiff.

50. Plaintiff will suffer irreparable injury and will continue to suffer real and immediate threat of irreparable injury as a result of the existence, operation, enforcement and threat of enforcement of these fabricated and unsupported violations.

51. Plaintiff has no adequate or speedy remedy at law.

52. The harm to Plaintiff for the Constitutional violations committed by Defendants is substantial, including a substantial impairment of Plaintiff's property rights granted to it by the United States Constitution.

53. No harm or prejudice will result on behalf of Defendants if relief is granted.

54. Plaintiff's right to relief is clear.

**WELSH LAW GROUP, PLC**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against all Defendants as follows:

A. Issuance of a temporary restraining order and a preliminary and permanent injunction enjoining Defendants, their agents, servants, employees and officers from:

    a. enforcing any further action at the Property;

    b. destroying, altering or amending any City documentation;

    c. withholding information pursuant to public records requests; and

    d. issuing any additional Notices of Violation or Citations against the Property.

B. Ordering the Defendants to immediately clear title to the Property by removing the recorded Notice of Violation.

C. Awarding Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other relevant statutes; and

D. Granting all such additional and/or further relief as this Court deems just, equitable, and proper.

DATED this 30th day of September, 2019.

WELSH LAW GROUP, PLC

By_____
Kenneth W. Welsh, Jr.
Lisa I. Streu
*Attorneys for Plaintiff*