WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thunderbird Downtown LLC, | No. CV-19-05287-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Before the Court is the City of Phoenix's (the "City") Motion to Dismiss. (Doc. 17.) The Motion argues that this Court does not have subject-matter jurisdiction and that Plaintiff Thunderbird Downtown LLC ("Thunderbird") fails to state a claim upon which relief may be granted. The City also argues that abstention is proper given the impending municipal court proceedings. For the reasons expressed herein, the Court grants the Motion to Dismiss for failure to state a claim.

**I.    BACKGROUND**

Thunderbird operates an apartment complex in Phoenix, Arizona. (Doc. 10 at 3.) The complex includes 17 apartment units. (*Id.*) Beginning in early 2018, City officials paid the complex multiple visits for inspections, and on at least one occasion, executed an administrative search warrant. (*Id*. at 3-6.) Inspectors allegedly found numerous building code violations. (*Id*.) Thunderbird disagrees with those determinations, specifically arguing that it did not make certain changes to the property which formed the basis of many of the violation notices and citations that the City issued. (*Id*. at 3-4.)

For example, at least one violation notice states that certain apartment units were built without a permit between 2015 and 2016. (*Id*. at 3.) Thunderbird, however, alleges that those units have been continuously occupied since at least 2010. (*Id*.) Plaintiff also alleges that the City issued a stop work order on a non-existent unit. (*Id*. at 4.)

Thunderbird further alleges that the City violated its own procedural requirements by filing a now-withdrawn violation notice with the county recorder's office before allowing Thunderbird to complete an administrative appeal process. (*Id*. at 4.) The Amended Complaint also alleges that the notices are vague, violating a specificity requirement in the City's building code. (*Id.* at 4-5.) Additionally, Thunderbird says that the City did not produce documents concerning the investigation requested pursuant to state public records law. (*Id*. at 5.)

The City dismissed the original four citations. (*Id*. at 6.) It did not, however, remove the violation notice with the county recorder's office. (*Id*.) Additionally, the City issued a new Stop Work order alleging 38 violations of the City's building code. (*Id*.)

## II.   MOTION TO DISMISS

### A.   Legal Standards

A facial challenge to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction" *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted). In a facial challenge, the Court must accept all material allegations in the Complaint as true and construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). It need not, however, accept legal conclusions merely because they take the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal for

failure to state a claim is appropriate when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "A pleading that offers . . . naked assertions devoid of further factual enhancement" does not state a claim "that is plausible on its face" and is thus subject to dismissal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted).

A district court may abstain under *Younger v. Harris*, 401 U.S. 37 (1971), only for a state court action which is (1) ongoing; (2) criminal, quasi-criminal, or involves enforcing a state court order or judgment; (3) implicates an important state interest; and (4) affords plaintiff an adequate opportunity to raise constitutional challenges. *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund,* 754 F.3d 754, 759 (9th Cir. 2014).

### B.     Lack of Subject-Matter Jurisdiction

The City has raised a facial challenge to the Court's subject-matter jurisdiction. (Doc. 17 at 3-5.) It argues that the City's now-withdrawn citations are moot. (*Id*. at 4.) Further, according to the City, the appeals rights that Thunderbird seeks are afforded only by the City's building code and not the federal constitution. (*Id*.) The violation notices are not fines or an abatement order. (*Id*. at 4-5.) Additionally, the City argues that Thunderbird got precisely the process that is due: a notification of the alleged violation and a warning that the City may commence proceedings in Phoenix Municipal Court if the behavior continues. (*Id*. at 4.) That court proceeding, according to the City, would allow Thunderbird to present federal constitutional defenses and appeal the decision to the Arizona Superior Court. (*Id*.)

Thunderbird, by contrast, argues that the City's withdrawing its citations did not moot the case. (Doc. 19 at 7.) That's because the City plans to file additional citations as part of what Thunderbird calls a pattern of harassment. (*Id*.) Plaintiff thus asks the Court to apply the capable of repetition yet evading review exception to the mootness doctrine. (*Id*. at 8.) This exception applies when "(1) the challenged action was . . . too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable

expectation that the same complaining party w[ill] be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Here, that test is met because the City withdrew the original citations before the issue could be litigated and City officials plan future enforcement actions in Phoenix Municipal Court concerning similar violations. Dismissing the citations did not moot the issue.

The City's other arguments go less to whether the court has jurisdiction and more to whether Thunderbird has stated a claim. The Supreme Court has cautioned against conflating the two issues. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998) ("[T]he nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal.").

None of cases that the City cites support a dismissal for lack of subject-matter jurisdiction simply because the plaintiff did not sufficiently allege a due process claim. The Ninth Circuit affirmed the district court's dismissal of the due process claim in *Austin v. University of Oregon* because it failed to state a claim, not because of a lack of jurisdiction. 925 F.3d 1133 (9th Cir. 2019). And in *Krainski v. State ex rel. Bd. of Regents*, the only jurisdictional issue concerned Eleventh Amendment immunity, not just a lack of plausible facts. 616 F.3d 963, 970 (9th Cir. 2010).

Thunderbird has invoked federal question jurisdiction. (Doc. 10 at 2.) While, as explained below, Thunderbird has failed to state a claim, that does not deprive the Court of subject-matter jurisdiction. Therefore, the Court will not grant the motion to dismiss on this basis.

### C. Failure to State a Claim

The Amended Complaint alleges that the City violated the Equal Protection and Due Process clauses of the 14th Amendment. (Doc. 10 at 2.) Thunderbird says the Court should grant injunctive relief because the City did not respond to public records requests, denied the "due process right" to appeal the building code violation notices, and fabricated allegations in those notices. (Doc. 10 at 7.) The City's actions, Thunderbird argues, substantially impaired the apartment complex's value. (*Id.*)

Plaintiff makes much of the City's not allowing the administrative appeals process to play out before filing the now-withdrawn citations against Thunderbird in municipal court. (*Id.*) Plaintiff also alleges that fighting the citations became more difficult because the City did not allow access to public records that might have shed light on the alleged building code violations. (*Id*. at 6.) Thunderbird has not, however, cited any case law for the proposition that the City's actions violate federal constitutional due process or equal protection rights. Nor does the Amended Complaint demonstrate how the City has run afoul of the due process balancing test outlined in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). Instead, Thunderbird cites various provisions of state law and the City's building code as evidence of a constitutional violation. While a state or city may afford greater protections than the federal constitutional minimum, deprivation those rights does not necessarily give rise to a cognizable federal due process claim. *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 933 (9th Cir. 2017).

Thunderbird also alleges that the City searched the apartment complex without showing Thunderbird the warrant or explaining the basis for that warrant. (Doc. 10 at 6.) This is not a case where the plaintiff alleges that City officials took Thunderbird's property without a notification of what property was taken, which would constitute a due process violation. *Cf. City of West Covina v. Perkins*, 525 U.S. 234, 240 (1999). Instead, Plaintiff has alleged facts that might conceivably give rise to a Fourth Amendment claim but failed to bring a cause of action under that Amendment. (Doc. 20 at 3.)

Further, Thunderbird argues, the City significantly reduced Thunderbird's property interest by filing violation notices with the county recorder's office. (*Id* at 7.) This may have been Thunderbird's attempt to state a Takings Clause violation. Once again, however, the Amended Complaint does not raise a Takings Clause cause of action. In fact, between the Amended Complaint and the Response to the Motion to Dismiss, Thunderbird spent two sentences developing its property diminution argument. In sum, Thunderbird's conclusory assertion that the City impaired Plaintiff's property value is not sufficient to survive the Motion to Dismiss. *Iqbal*, 556 U.S. at 678.

Thunderbird has not stated a claim upon which relief may be granted. The Court will grant the Motion to Dismiss pursuant to Rule 12(b)(6).

### D. Abstention

Defendants raise a third argument for why the Court should not hear this case: the City will soon file an enforcement action in Phoenix Municipal Court related to the alleged building code violations. This, Defendants argue, warrants abstention under the Supreme Court's *Younger* doctrine. *See Younger*, 401 U.S. at 49. *Younger* applies to certain kinds of ongoing state court proceedings. *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017).

The City argues that abstention is appropriate even though building code enforcement proceedings have not yet begun "given the impending state-court litigation." (Doc. 17 at 7.) To that point, the City cites a district court case, now on appeal, for the proposition that "[f]ederal courts have repeatedly dismissed pre-enforcement declaratory relief actions under similar circumstances, where one party seeks declaratory relief to forestall an impending state court lawsuit and to obtain a federal forum instead." *FedEx Ground Package Sys. v. Ingenito*, 86 F. Supp. 3d 1121, 1129 (E.D. Cal. 2015); (Doc. 17 at 7-8.) In that case, however, the state court action began two months after the federal case, and before the federal court began proceedings on the merits. *FedEx Ground Package Sys*, 86 F. Supp. 3d at 1126. Here, several months have passed since Thunderbird filed this case and three months have passed since the Motion to Dismiss briefing became ripe. Yet the City has not notified the Court of whether it has initiated proceedings in municipal court or when it plans to do so. Under these circumstances, the City has not shown that abstention is appropriate.[*]

### III. CONCLUSION

While the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, there are indications that a future attempt to do so would not be futile. Thunderbird has requested leave to amend. The Court must "freely give leave [to amend]

---

[*] This finding is without prejudice to the City's renewal of an abstention motion once proceedings have begun in the Phoenix Municipal Court.

when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly,

**IT IS ORDERED granting** the City of Phoenix's Motion to Dismiss (Doc. 17) solely pursuant to Fed. R. Civ. P. 12(b)(6) and **denying** it in all other respects.

**IT IS FURTHER ORDERED** allowing Thunderbird Downtown until May 22, 2020 to file an amended complaint. The Clerk of Court shall not enter judgment at this time.

**IT IS FINALLY ORDERED** that should Thunderbird Downtown not file an amended complaint by May 22, 2020, the Clerk of Court shall enter judgment consistent with this order, terminating the case.

Dated this 6th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge